# PARONICH LAW, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043

Anthony I. Paronich　　　　　　　　　　　　　　　　　　　　　　　　Tel. (508) 221-1510
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Fax (508) 318-8100
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　anthony@paronichlaw.com

July 18, 2022

**VIA ECF**

The Honorable Lee G. Dunst, U.S.M.J.
United States District Court Eastern District of New York
225 Cadman Plaza E
Brooklyn, New York 11201

　　　**Re:　Perrong v. PERS Group LLC, et. al.**
　　　　　　**Civil Action No. 2:22-cv-23**

Dear Judge Dunst,

　　　Our firm represents the plaintiff Andrew Perrong in the above-referenced matter. On July 18, 2022, the Court entered the below Order:

> it is hereby ORDERED that Plaintiff file in ECF by 7/19/22 a letter providing (1) any evidence of service of the Amended Complaint on defendant PERS Group LLC and (2) additional detail about communications with counsel for Defendant PERS Group LLC regarding the original and Amended Complaint and the possible filing of a responsive pleading by Defendant PERS Group LLC

The Plaintiff provides the following information. First, the Plaintiff provided the Amended Complaint to Eric Allen, counsel for PERS Group on May 16, 2022, the same date that counsel for the Plaintiff was made aware of the Demand for Arbitration filed by Statewide Monitoring against PERS Group. However, counsel for the Plaintiff did not otherwise have that document served as PERS Group did not respond to the prior complaint and that shortly after receiving a copy of the Amended Complaint, counsel Eric Allen for PERS Group indicated that PERS Group

was in the process of securing counsel. These conversations continued through July, including a conversation on July 13, 2022 after the Court's Order where counsel for the Plaintiff explained to Mr. Allen that unless a responsive pleading was filed by July 15, 2022, counsel for the Plaintiff was going to request a default as PERS Group had not filed a response to the original complaint or the first amended complaint.

After receiving the Court's July 18, 2022 Order, a copy of that Order was provided to counsel for PERS Group, Mr. Eric Allen. Shortly after that, and in recognition of the Court's directive in the Order that "defaults are generally disfavored and are reserved for rare occasions" and "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993), counsel for the Plaintiff requested that Mr. Allen return a Waiver of Service for PERS Group, and he did so today. A copy is being filed concurrently along with a Motion to Withdraw the Plaintiff's Motion for Clerk's Entry of a Default.

Thank you to the Court for its consideration of our submission.

Respectfully Submitted,

Anthony I. Paronich

cc: All Counsel of Record (Via ECF)